# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT WALZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12-CV-04188-NKL |
| | ) |
| FEDEX OFFICE AND PRINT SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Robert Walz moves to remand this diversity case back to the Circuit Court of Cole County, Missouri [Doc. # 3]. Walz argues that this Court lacks subject matter jurisdiction because Defendant FedEx Office and Print Services, Inc. ("FedEx"), has not proven that the amount in controversy exceeds $75,000. For the reasons set forth below, Walz's motion to remand is GRANTED and the case is REMANDED.

**I.     Background**

On June 13, 2012, Walz filed suit against FedEx in the Circuit Court of Cole County, Missouri, claiming discriminatory termination in violation of the Missouri Human Rights Act ("MHRA"). [Doc. # 1-1 at 9]. Walz alleges that he incurred "actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress and mental anguish." [Doc. # 1-1 at 9]. Walz seeks compensatory damages as well as

1

punitive damages and attorney's fees. [Doc. # 1-1 at 10]. The complaint does not specify the amount of damages sought.

FedEx filed its notice of removal in this case on July 17, 2012, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. # 1 at 1]. It is undisputed that the parties are diverse. Consequently, the sole question presented is whether the amount in controversy exceeds the jurisdictional amount of $75,000. *See* § 1332(a).

The parties submitted evidence relevant to Walz's claims for lost wages and benefits. FedEx attached to its opposition brief the affidavit of Jackie Jalomo, Manager of Compensation and Benefits for FedEx. Ms. Jalomo avers that, while employed by FedEx, Walz received an annual salary of $50,064.80, and benefits worth $8,179.80 per year. [Doc. # 7-1 at 1]. In response, Walz attached to his reply brief his own affidavit. Walz avers that FedEx terminated his employment on or about October 14, 2011, and that he subsequently secured other employment on or about March 7, 2012. [Doc. # 13-1 at 1]. Walz further attests that his new salary is $36,800.00. [Doc. # 13-1 at 1].

**II.     Discussion**

Where the complaint does not allege a specific amount of damages, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). In making this determination, the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount. *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009). While this is a relatively permissive standard, the removing party must still

2

provide "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

In addition, because removal restricts "the power of the states to resolve controversies in their own courts," removal requirements are strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002); *see also Gramc v. Millar Elevator Co.*, 3 F. Supp. 2d 1082, 1083-84 (E.D. Mo. 1998) ("The amount in controversy requirement . . . is strictly construed, as its underlying purpose is to limit the federal courts' diversity caseload." (citing *Snyder v. Harris*, 394 U.S. 332, 339 (1969))). Consequently, the Court must resolve all doubts about federal jurisdiction in favor of remand. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Based on the evidence provided by the parties, Walz's damages for lost wages and benefits appear to fall well below the jurisdictional amount. At present, based on Walz's evidence of mitigation, Walz's claims for back pay and benefits are worth approximately $36,777.93. Nearly two years would have to pass for this amount to exceed $75,000. This does not end the discussion, however, because the Court must also take into account Walz's claims for emotional distress, punitive damages, and attorney's fees. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction).

With respect to Walz's claim for emotional distress, the Court notes that Walz's complaint contains only the bare allegation that Walz suffered "loss of self-esteem and

3

enjoyment of life, embarrassment, humiliation, emotional distress and mental anguish."
[Doc. # 1-1 at 9].  Although FedEx cites several cases where the Eight Circuit affirmed substantial emotional distress awards in MHRA cases [Doc. # 7 at 4-5], FedEx does not discuss whether those cases are at all factually similar to the present case.  *Cf. Eidson v. Midwest Vet. Supply Co.*, No. 06-0454-CV-W-FJG, 2006 WL 3060139, at *5 (W.D. Mo. Oct. 25, 2006) (finding no diversity jurisdiction where "the facts as presented . . . differ[ed] substantially from reported MHRA cases in which plaintiffs have been awarded emotional distress damages exceeding . . . the jurisdictional minimum.").  The fact that such awards may be possible in certain circumstances does not, on its own, make it any more likely that such an amount might be awarded in this case.  In fact, the court in *Eidson* found that, in cases that alleged emotional distress without any claim of medical treatment or medically diagnosable condition, plaintiffs who did recover for emotional distress recovered very modest amounts.  *See id.* at *4.  The complaint in this case, which is all that is before the Court on this issue, contains no allegations of a medically diagnosable illness or medical treatment.

FedEx's argument is similarly deficient with regard to punitive damages.  FedEx argues that Walz's complaint requests punitive damages but does not discuss whether the allegations in Walz's complaint, if proven, might justify such an award.  Essentially, FedEx asks the Court to conclude that the amount in controversy in this case more likely than not exceeds $75,000 simply because punitive damage awards are available in select MHRA cases.

4

> However, the mere fact that the plaintiff has asserted a claim for punitive damages does not relieve the defendant, as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than not the case that the amount in controversy will exceed [the jurisdictional minimum]. . . . Thus, when a party challenges the amount in controversy, the district court errs by looking only at the *allegation* of punitive or exemplary damages as sufficing to establish the requisite amount in controversy.

*McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995); *see also State of Mo. ex rel. Pemiscot Cnty. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) ("When determining the amount in controversy, we scrutinize a claim for punitive damages more closely than a claim for actual damages to ensure that Congress's limits on diversity jurisdiction are properly observed."); *Rollwitz v. Burlington N.R.R.*, 507 F. Supp. 582, 587 (D. Mont. 1981) ("The defendant cannot, by unsupported and contested averment, unilaterally invest this Court with jurisdiction; . . . .").

On the record as it stands now, the Court cannot conclude that it is more likely than not that Walz could recover punitive damages in an amount that would satisfy the jurisdictional minimum in this case. *See Brown v. Bank of Am. Trust & Sav. Ass'n*, 281 F. Supp. 82, 84 (N.D. Ill. 1968) ("Where, as here, punitive damages are involved, the judge can exercise more discretion in determining whether the damages as claimed could be recovered."). FedEx points to some significant punitive damage awards in MHRA cases. [Doc. # 7 at 4-5]. But "[d]amage claims raised in other cases do not amount to the type of 'affirmative showing' of . . . jurisdiction that is required of parties seeking removal." *Coleman v. S. Norfolk*, 734 F. Supp. 719, 721 (E.D. La. 1990).

5

Moreover, under Missouri law, a plaintiff can establish unlawful employment discrimination by showing that discriminatory bias was merely a contributing factor in an employment decision, as opposed to a substantial or determining factor. *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. 2007) (en banc). Consequently, a plaintiff may readily recover without demonstrating the type of malice or reckless indifference required to justify punitive damages. FedEx offers no evidence, authority, or argument that suggests punitive damages could be awarded based on the allegations contained in Walz's complaint. *Cf. Wiatt v. State Farm Ins. Cos.*, 560 F. Supp. 2d 1068, 1078-79 (D.N.M. 2007) (granting remand where the removing party did not set forth any details or particular facts regarding claims for punitive damages, statutory damages, or attorney's fees). This is particularly problematic considering FedEx must rely heavily on the punitive damages claim in order to establish jurisdiction because, as discussed previously, the compensatory damages appear to fall well below the jurisdictional minimum.

The record is even sparser with respect to the claim for attorney's fees. There is no evidence or argument regarding any fees incurred to date or the likely amount of fees that could be awarded. Moreover, "jurisdiction is measured by the amount . . . as of the time of the suit, not by the end result." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007). Consequently, the Court is reluctant to speculate too liberally with regard to attorney's fees because they are avoidable and subject o variation based on how the case proceeds. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998) (noting that legal services that have not been and may never be incurred

6

are not "in controversy" at the outset of the suit). In any event, it is FedEx's burden to prove that the jurisdictional requirements are satisfied and all doubt must be resolved in favor of remand. *Cent. Iowa Power Coop.*, 561 F.3d at 912. Thus, FedEx's conclusory reference to the availability of attorney's fees does not suffice to prove that the amount in controversy requirement is satisfied.

Finally, contrary to FedEx's contention, the fact that Walz has not submitted an affidavit agreeing to cap his damages at an amount less than $75,000.00 is inapposite. Such a stipulation is not necessary for a plaintiff to succeed on a motion to remand. *Gramc*, 3 F. Supp. 2d at 1084. In the cases cited by FedEx, the plaintiffs were required to prove to a legal certainty that damages were below the jurisdictional amount, either because the decision predated a definitive resolution of what standard applies when assessing jurisdictional sufficiency, *see Dodge v. Jenny Craig Weight Loss Ctrs., Inc.*, No. 4:94CV2084MLM, 1995 WL 406960, at *1-2 (E.D. Mo. Jan. 10, 1995), or because the court first concluded that the defendant met its burden of proving that the amount in controversy exceeded the jurisdictional amount, *see Brooks v. Kelly*, No. 4:11CV01510, 2011 WL 6009657, at *3 (E.D. Mo. Dec. 1, 2011); *see also Bell*, 557 F.3d at 956 ("Once the removing party *has established by a preponderance of the evidence that the jurisdictional minimum is satisfied*, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." (emphasis added)). Because FedEx has not first met its burden in this case, the lack of a stipulation by Walz does not affect the result.

7

In sum, the provable damages are currently well below the jurisdictional minimum and FedEx's further attempts to prove that the amount in controversy exceeds the jurisdictional amount are based on conclusory assertions and conjecture. Although damages in excess of the jurisdictional amount were awarded in some MHRA cases, other cases cited by Walz demonstrate that a lesser award is equally possible in this case. In weighing these contrary possibilities, the Court must resolve all doubt in favor of remand. *See Cent. Iowa Power Coop.*, 561 F.3d at 912. Furthermore, on review of the allegations in the complaint, a lesser award seems more likely and FedEx presents no evidence or argument that suggests otherwise. While it is a close call, it is FedEx's burden to prove that the jurisdictional requirements are met and FedEx has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

## III.     Conclusion

For the foregoing reasons, Walz's motion to remand [Doc. # 3] is GRANTED and the case is hereby REMANDED to the Circuit Court of Cole County, Missouri.

<pre>
                                              s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge
Dated:  November 2, 2012
Jefferson City, Missouri
</pre>

8

Case 2:12-cv-04188-NKL   Document 18   Filed 11/02/12   Page 8 of 8